IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.  Case No.  4:05mj148-WCS
Violation Notices:
F2892124, F2892052, F289125, F289205

**EDWARD MACKEY,
CATHERINE MACKEY,
ROBERT SMITH, and
BRYAN WISENBARGER,**

    **Defendants.**

_____/

## ORDER OF RECUSAL

Defendants have filed a joint motion to disqualify me.  Doc. 10.  Due to the Thanksgiving Holiday and the proximity of the trials which are set, I will rule on this motion without waiting for a response from the Government.

28 U.S.C. § 455(a) provides:

(a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(b) provides that a judge should also disqualify himself:

(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

The first basis for recusal is that Forest Service Officer Mary Pat King took me on a tour of the National Forest and showed me wetlands and ponds where motor vehicles had caused damage.  This tour occurred several years ago, the number of years I cannot recall.  It was in the summer.  The drive took two or three hours, and covered the northern edge of the National Forest closest to the Tallahassee area.  No one else was on the tour.

I have personally spent a lot of time in the last 30 years in the National Forest, as have many residents of this area.  In my case, I have spent time in the National Forest primarily on canoe trips and motor vehicle travel to set up those canoe trips, and a number of long hikes.  I have seen flatwoods ponds in the National Forest many times, both during dry seasons and wet.  I am familiar with the two rut trails through the forest, and how such trails often lead to lakes and ponds.  I have become familiar with wetland ponds that have been the subject of other "mud bogging" cases many times through photographs submitted as evidence in those cases and in listening to testimony.  The trip with Officer King was nothing new to me.  The only purpose of the trip was to get a sense of the size of the area that Officer King patrols, to get a sense of how a person driving down a two rut road might innocently stray into a wetland area, and to see the condition of those wetlands that were then popular with those who drive into the mud and water.

I do not have personal knowledge of the particular wetland involved with this case.  Even if I saw it on the trip with Officer King some years ago, that is not the sort of

Case No. 4:05mj148-WCS

personal knowledge of a dispute of fact that might arise in this case.  The wetlands existed then and now, and that is not likely to be disputed in this case.  I have no personal knowledge of the current condition of the wetland as a result of my tour with Officer King years ago.  I have no personal bias toward any Defendant in this case nor toward Officer King.  Finally, given the fact that I am very familiar with the terrain of the National Forest from personal use and other cases prior to the tour with Officer King, I do not believe that a one time tour with Officer King would cause my impartiality to be reasonably questioned.  Accordingly, this aspect of the motion is not sufficient to require recusal.

The fact that I have presided over a number of "mud bogging" cases in the past years, including the one involving the FSU Jeep Club, is not a basis for my recusal.  I read the newspaper articles which followed that case, and I am aware that the article reported that "Bruce Means" was "irked" at me for being so lenient in my sentences in the FSU Jeep Club case.  The article, or one which followed, reported the response of one of the defendants in that case.  My awareness of those newspaper articles is not a basis for my recusal.

The third basis for recusal concerns comments I made in this case at first appearance.  One of the procedural steps which I must follow in a first appearance upon a Class B misdemeanor is to determine whether the case is one in which a defendant would be entitled to appointment of counsel, if that person cannot afford to hire a lawyer.  If there is any possibility of a jail sentence, I believe it prudent to afford the defendant a chance to seek appointment of counsel, even though the possibility of a jail sentence is remote.  In the cases at bar, I was attempting to that.

The Government, however, did not state that it would seek jail sentences on conviction of any defendant, and so I then considered the issue on my own, as I always do, regardless of the position of the Government. I expressed my own concern that the range of permissible sentences for cases such as these need to include the possibility of jail time in the future. I do not have a personal bias as to this particular issue in these cases, and especially would benefit from argument of counsel as to application of jail time in such cases, since counsel usually is not appointed for defendants in "mud bogging" cases.

However, in the cases at bar, I believe my impartiality might reasonably be questioned due to the manner in which I explained my reasons for offering appointment of counsel. Defendants in the cases at bar deserve to have trials before a Magistrate Judge as to whom there is no appearance of partiality.

Consequently, it is **ORDERED** that I hereby recuse myself from these cases. The Clerk is directed to reassign the case to another Magistrate Judge in this district. The other pending motions will be decided by that Magistrate Judge.

**DONE AND ORDERED** on November 23, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**